UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ROBERT CARROLL,

                                                  Case No. 1:18-cv-667 (TJM)(CFH)

                Plaintiff,

  -against-

U.S. EQUITIES CORP., LINDA STRUMPF,
HAL SIEGEL, DAVID WARSHALL, WING
LAM,

                Defendants.
---------------------------------------------------------X


**REPLY MEMORANDUM OF LAW**
**IN FURTHER SUPPORT**
**OF DEFENDANTS' MOTION TO DISMISS**


**KAUFMAN DOLOWICH & VOLUCK, LLP**
*Attorneys for Defendants*
*U.S. Equities Corp., Linda Strumpf and Hal Siegel*
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Telephone: (516) 681-1100
Facsimile: (516) 681-1101


On the brief:
   Adam M. Marshall, Esq.

## **TABLE OF CONTENTS**

ARGUMENT ..................................................................................................................1

POINT I
THE AMENDED COMPLAINT FAILS TO STATE A VIABLE RICO CLAIM ........................1

POINT II
THE AMENDED COMPLAINT FAILS TO STATE
A VIABLE CLAIM FOR MALICIOUS PROSECUTION ............................................................3

POINT III
THE SIXTH, SEVENTH, EIGHTH AND NINTH CAUSES OF ACTION
WERE IMPROPERLY ASSERTED AND FAIL TO STATE A CLAIM ....................................4

CONCLUSION ..................................................................................................................5

Defendants U.S. Equities Corp. ("U.S. Equities"), Linda Strumpf ("Strumpf") and Hal Siegel ("Siegel") (collectively, the "Defendants"), by their attorneys Kaufman Dolowich & Voluck, LLP, respectfully submit this reply memorandum of law in further support of their motion to dismiss the Second, Fifth, Sixth, Seventh, Eighth and Ninth causes of action in Plaintiff *Pro Se* Robert Carroll's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## ARGUMENT

## POINT I

## THE AMENDED COMPLAINT FAILS TO STATE A VIABLE RICO CLAIM

The opposition confirms that Plaintiff's RICO claims are meritless. First, in terms of predicate acts, Plaintiff concedes that he cannot rely upon litigation activities in light of this Court's September 24, 2019 order (the "Prior Order") and that he "included 'litigation activities' in his amended complaint" solely "to preserve the issue for appeal." (Opp. Br. at 1).[1] Plaintiff also concedes that the pre-litigation purchase of his credit card debt by U.S. Equities cannot qualify as a predicate act either, even if Defendants supposedly conspired to use fraudulent means to collect that debt. (Id. at 4).[2] Moreover, Plaintiff admits that his inadequately described post-litigation communications with a U.S. Equities "office worker" took place on August 22, 2017 (id. at 4),[3] more than a week *after* his original motion to vacate the state court judgment was denied (Marshall

---

[1] The "Opp. Br." refers to Plaintiff's Memorandum of Law in Opposition (ECF Doc. 47).

[2] Plaintiff improperly alleges for the first time in his opposition brief that U.S. Equities purchased his debt at a time when the statute of limitations to bring a collection lawsuit had already expired. (See Opp. Br. at 6). "[P]arties cannot amend their pleadings by including new factual allegations in an opposition brief to a motion to dismiss." Romano v. Schachter Portnoy, L.L.C., 2017 U.S. Dist. LEXIS 100312, at *8 (E.D.N.Y. Jun. 28, 2017) (quoting Torchlight Loan Servs., LLC v. Column Fin., Inc., 2012 U.S. Dist. LEXIS 105895, at *30 (S.D.N.Y. Jul. 22, 2012)) (alteration in original). Regardless, even if Plaintiff's allegation were true (which it is not), there is nothing improper about the purchase of a time-barred debt. See Larsen v. JBC Legal Group, P.C., 533 F. Supp. 2d 290, 303 (E.D.N.Y. 2008) ("[I]t is permissible for a debt collector to seek to collect on a time-barred debt voluntarily.").

[3] Though Plaintiff insists that his allegations pertaining to the U.S. Equities office worker "are not vague," (Opp. Br. at 4), Rule 9(b) requires a plaintiff claiming fraud "to 'state the **contents of the communications**, who was involved, where and when they took place, and [ ] **why they were fraudulent**.'" Shetiwy v. Midland Credit Mgmt., 15 F. Supp. 3d 437, 445 (S.D.N.Y. 2014) (quoting Knoll v. Schectman, 275 Fed. Appx. 50, 51 (2d Cir. 2008)) (alternation in original) (emphasis added).

1

Decl., Exhibit "C"),[4] thus negating any plausible claim of reliance or proximately caused damages. Finally, Plaintiff admits that he *chose* to close his account with Navy Federal Credit Union (the "Credit Union").  (See Opp. Br. at 5).

Second, with respect to pattern, Plaintiff concedes that his theory of closed-ended continuity is contingent upon this Court finding that Defendants' (alleged) pre-litigation and litigation activities qualified as predicate acts.  (Opp. Br. at 6) ("[T]he Amended Complaint alleges the commission of predicate acts which span several years, **a period beginning with the purchase of the debt** . . . **to litigation resulting in a fraudulent default judgment**, to the service of an information subpoena and restraining order . . . and later execution of the default judgment in August 2017.") (emphasis added).  Since neither the purchase of his debt nor the procurement of the judgment in Kingston City Court qualify as predicate acts under RICO, and because the enforcement of the judgment in 2017 was essentially a single act spanning two months at most, the Amended Complaint therefore fails to plead "a series of related predicate acts extending over a substantial period of time."  DeFalco v. Bernas, 244 F.3d 286, 321 (2d Cir. 2001).

Plaintiff's theory of open-ended continuity fares even worse.  According to Plaintiff, the Amended Complaint pleads a threat of continuing criminal activity because Strumpf is alleged to have used SYR on 4,020 occasions between January 1, 2007 and September 30, 2009, thus making it likely that Defendants will continue to (allegedly) obtain judgments through sewer service "over and over and over again until stopped."  (Opp. Br. at 6).  Again, Plaintiff's allegations of sewer service are *irrelevant* for purposes of his RICO claims.  (See Prior Order at 25-26).  In any event, Plaintiff's argument fails since SYR was dissolved more than a decade ago (Am. Compl. at ¶ 40) and Plaintiff has not identified even *one* alleged instance of "sewer service" subsequent to 2009. See First Capital Asset Mgmt., Inc. v. Satinwood Inc., 385 F.3d 159, 180-81 (2d Cir. 2004) (no

---

[4] The "Marshall Decl." refers to the Declaration of Adam M. Marshall., dated February 13, 2020 (ECF Doc. 43-1).

2

threat of continued criminal activity after defendant had conveyed assets and filed for bankruptcy); Westchester Cty. Independence Party v. Astorino, 137 F. Supp. 3d 586, 612 (S.D.N.Y. 2015) (rejecting RICO claim as speculative where plaintiff had not alleged "sufficient facts plausibly showing that any [fraudulent] activity is ongoing[.]"); Purchase Real Estate Group, Inc. v. Jones, 2010 U.S. Dist. LEXIS 43201, at *34 (S.D.N.Y. Apr. 30, 2010) ("Plaintiffs have not alleged any basis from which this Court can conclude that continuation or repetition of the racketeering activities at issue was likely **at the time the Complaint was filed**.") (emphasis added).

Third, Plaintiff completely fails to address Defendants' arguments concerning the inadequacy of the "attorney-client" enterprise alleged in the Amended Complaint. (See Opp. Br. at 6-9). Though Plaintiff declares at one point in his brief that this is a "unique case" because Strumpf is (incorrectly) alleged to be an owner of U.S. Equities as well as its attorney (id. at 4), that characterization of the parties' relationship only *weakens* Plaintiff's claim to the existence of a RICO enterprise. See Riverwoods Chappaqua Corp. v. Marine Midland Bank, 30 F.3d 339, 344 (2d Cir. 1994) ("[B]y alleging a RICO enterprise that consists merely of a corporate defendant associated with its own employees or agents carrying on the regular affairs of the defendant, the distinctness requirement may not be circumvented.").

Fourth, Plaintiff does not dispute the proposition that a RICO conspiracy claim under § 1962(d) cannot survive the dismissal of its substantive RICO counterpart. Satinwood Inc., 385 F.3d at 182. As Plaintiff's substantive RICO claim fails, so too must the conspiracy claim.

## POINT II

### THE AMENDED COMPLAINT FAILS TO STATE A VIABLE CLAIM FOR MALICIOUS PROSECUTION

Plaintiff argues that his malicious prosecution claim should not be dismissed because the precondition for renewing the claim "will be met when this Court grants plaintiff's motion to vacate the default judgment and dismisses the collection action." (Opp. Br. at 10). This Court

3

denied that motion on March 12, 2020. (See ECF Doc. 50). Accordingly, Plaintiff's claim for malicious prosecution remains premature *at best* and must be dismissed.

## POINT III

### THE SIXTH, SEVENTH, EIGHTH AND NINTH CAUSES OF ACTION WERE IMPROPERLY ASSERTED AND FAIL TO STATE A CLAIM

Plaintiff contends that his assertion of four (4) brand new causes of action is appropriate because, in his opinion, this Court's specific instructions as to the scope of amendment was meant as "a guide" rather than a limitation. (Opp. Br. at 11). The Prior Order says otherwise. Clearly, if the Court's intent was to allow Plaintiff to file an amended pleading containing brand new claims unrelated to the FDCPA, or RICO, or malicious prosecution, Your Honor would not have included a detailed list itemizing the permissible scope of amendments. (See Prior Order at 32-33).

Turning to the substance of the new claims, Plaintiff's opposition brief offers little in the way of coherent argument. With respect to his sixth cause of action, Plaintiff admits that there can be no plenary action for supposed violations of the New York Exempt Income and Protection Act. (Opp. Br. at 11).[5] Moreover, Plaintiff concedes that it was *the Credit Union's obligation* to forward him copies of the restraining notice and exemption forms. (Id. at 13). Though Plaintiff attempts to bolster the claim by alleging (for the first time) that Strumpf did not serve *the Credit Union* with the requisite forms (id.), he cannot amend his pleading through an opposition brief. See Romano, 2017 U.S. Dist. LEXIS 100312, at *8.

As for the seventh cause of action, "theft by fraudulent conversion," Plaintiff admits that the claim is inextricably linked to his failed motion to vacate the state court judgment. (See Opp. Br. at 14). Accordingly, in addition to being vague, the claim is barred by *Rooker-Feldman*.

---

[5] Despite Plaintiff's belief to the contrary (Opp. Br. at 11), this *is* a plenary action. Black's Law Dictionary defines a "plenary action" as "[a] full hearing or trial on the merits, **as opposed to a summary proceeding**." (11th ed. 2019) (emphasis added). Here, as noted in Defendants' moving brief, Defendants' sole state law remedy was a special proceeding under Article 52.

4

Plaintiff offers no meaningful response regarding his eighth cause of action, simply declaring that "[w]hether or not the plaintiff has a private right of action for money damages" under 18 U.S.C. § 2314 "should be determined de novo, for this particular case[.]" (Opp. Br. at 15). As noted in Defendants' moving brief, other district courts have addressed this issue and held that there is no private right of action under § 2314. That is hardly surprising given that "a criminal statute does not routinely create a private right of action without a specific statutory basis for implying one." Hariprasad v. Master Holdings Inc., 788 Fed. Appx. 783, 786 (2d Cir. 2019); Snyder v. Fantasy Interactive, Inc., 2012 U.S. Dist. LEXIS 23087, at *9 (S.D.N.Y. Feb. 9, 2012) ("Rarely is there a private right of action under a criminal statute.") (internal quotation marks and citation omitted).

Finally, with regard to his ninth cause of action, Plaintiff contends that the Amended Complaint states a viable claim for abuse of process because Defendants supposedly conspired with SYR to obtain a default judgment against Plaintiff through the use of sewer service. (Opp. Br. at 15). This is a far cry from threadbare allegations in the Amended Complaint. (See Am. Compl. at ¶ 99). Again, Plaintiff cannot amend his pleading through a memorandum of law.

## CONCLUSION

For all the foregoing reasons, as well as those in Defendants' moving papers, Defendants respectfully request that this Court grant their motion and dismiss the Second, Fifth, Sixth, Seventh, Eighth and Ninth causes of action in Plaintiff's Amended Complaint.

Dated: Woodbury, New York
      March 16, 2020                     **KAUFMAN DOLOWICH & VOLUCK, LLP**

                                         By:    /s/ Adam M. Marshall
                                                 Adam M. Marshall, Esq.
                                                 *Attorneys for Defendants*
                                                 *U.S. Equities Corp., Linda Strumpf and Hal Siegel*
                                                 135 Crossway Park Drive – Suite 201
                                                 Woodbury, New York 11797
                                                 (516) 681-1100